UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
vs. ) CASE NO. 3:19-cr-00003-RRB-MMS
)
TRISTAN JAMAL GRANT, )
)
Defendant. )
)

TRANSCRIPT OF REMOTE PROCEEDINGS
HEARING ON MOTION FOR PROTECTIVE ORDER
BEFORE THE HONORABLE MATTHEW M. SCOBLE, MAGISTRATE JUDGE
May 15, 2020; 11:37 a.m.
Anchorage, Alaska

**FOR THE GOVERNMENT:**
Office of the United States Attorney
BY: KYLE FREDERICK REARDON
222 West 7th Avenue, #9
Anchorage, Alaska 99513
907-271-5071

**FOR THE DEFENDANT:**
Law Office of Steven M. Wells, PC
BY: STEVEN M. WELLS
431 West 7th Avenue, Suite 107
Anchorage, Alaska 99501
907-279-3557

R. JOY STANCEL, RMR-CRR
Federal Official Realtime Reporter
222 West 7th Avenue, #4
Anchorage, Alaska 99513
Proceedings Recorded by Digital Recording
Transcript Produced by Computer

(Call to Order of the Court)

DEPUTY CLERK: We're on record in Case Number 3:19-Criminal-3-RRB-MMS, United States of America versus Tristan Grant. Counsel, please state your appearance for the record.

MR. REARDON: Good morning, Your Honor, this is Kyle Reardon with the U.S. Attorney's Office.

MR. WELLS: This is Steve Wells, representing Mr. Grant.

THE COURT: Good morning, Counsel, and good morning to you, Mr. Grant.

THE DEFENDANT: How you doing?

THE COURT: Mr. Grant, can you hear me okay?

THE DEFENDANT: Yes, sir.

THE COURT: Okay; all right. First things first. You may have the right to be physically present in court for a hearing such as the one we're conducting today. Due to the ongoing COVID-19 pandemic, we are not conducting any in-person hearings in the District of Alaska.

Knowing that you may have the right to be physically present, are you willing to waive that right and proceed via video as we're doing here today?

THE DEFENDANT: Yes.

THE COURT: Okay; all right. I'll find that the defendant has voluntarily and intelligently agreed to waive his

physical presence. The Court will accept that waiver based on a compelling need to protect health and human safety during the COVID-19 pandemic.

A video hearing is being conducted as a necessary alternative under the circumstances, and conducting this hearing by video will not affect the Court's judgment in any way, and thus, it will not prejudice the defendant.

All right. So we are on today for a hearing on this motion for protective order. I want to make sure I understand, because as I look at the Government's motion and the defense -- the defense's opposition, I actually don't know where the disagreement is. The Government's protective order seems to -- as I read it, says that any discovery that is provided to Mr. Grant, in terms of him being able to actually possess a copy of it, that contains PII must be redacted, but it's explicit, the Government's motion is explicit, and I'm looking at Page 5, towards the middle. It says, "The defense team may review the above described discovery," referring to PII, "with defendant Tristan Grant, a/k/a Goo, but the defendant may not be given copies of any discovery that has not been redacted."

So as I read that -- and Mr. Reardon, correct me if I'm wrong -- as I read that, Mr. Grant's attorney, a paralegal, an expert, could meet with him and review any discovery, to include showing him that discovery. They just couldn't leave discovery, unredacted discovery containing PII, with him. Am I

reading the Government's protective order correctly?

MR. REARDON: That is -- that is the intent of the protective order. Mr. Wells and I spoke yesterday, and I think he may be able to provide a little bit more information, but that is a -- that, certainly, if it has PII or has contraband, it can be reviewed but not left. If it does not have any of that information, it could be left. But I think the Court is reading the -- the motion and the proposed order consistent with the way the Government meant it to be interpreted.

THE COURT: Okay, very good. All right. Mr. Wells, tell me what's wrong with the Government's protective order.

MR. WELLS: Judge, as I put in my motion, I don't have any issue as we continue with the current proceedings, which means if there's any PII, a person goes down and reviews that. This motion was a little bit -- was a little bit different, though, in that -- particularly if one looks at the order, it's kind of -- kind of not clear. I think there's some internal inconsistencies between some of the things in the motion, and then, also, the order, because it discusses, for example, the name of the relationship of any individual that could be used, or things like that, which is bound to -- which I think is bound to come up if we review discovery. I've got no problems if we continue the current issue, which is anything that's left with Mr. Grant, we either -- we redact, and if we don't redact, then we don't leave it with him, and we can sit

down and review it. I've got no problems with that. I just -- the way I read the particular motion and the way I read the order for that motion, I thought they don't -- I think that the order might grant a little bit more than what the Government seeks, and so I want to make sure that we're all on the same page because I don't want there to be any issues and have that come up later.

THE COURT: All right. I'm just looking at the order.

(Pause)

All right. So Paragraph 2 of the order, the last sentence says, "Defendant may review these materials with counsel, but may not have in their possession."

I think it should maybe read, "In his possession copies of such discovery." Doesn't that -- doesn't that serve your purposes, Mr. Wells?

I don't know if we've lost Mr. Wells or if everybody else has lost me.

MR. WELLS: Oh, I'm sorry.

THE COURT: All right. So Mr. Wells, does that sentence in Paragraph 2 of the order not take care of the problem?

MR. WELLS: For Paragraph 2, but it doesn't apply to Paragraph 1. As long as we all agree it applies to Paragraph 1, then I don't have an opposition to the

Government's motion.

THE COURT: Mr. Reardon, I mean, I read -- maybe I -- maybe I was too broad in my reading, but I read -- I read the Paragraph 2 as applying to all records dealing with PII, which is what the Paragraph 1 addresses. Is it the Government's intent that, as set forth in the proposed order, that any records containing PII -- and, you know, what constitutes PII is enumerated in Paragraph 1 -- that that would fall under the, shall we say, penumbra of records that could be reviewed with Mr. Grant but simply he could not possess copies of them? Is that the Government's intention of that in this order?

MR. REARDON: That is the Government's intention, Your Honor.

THE COURT: Okay; all right. So with that explanation on the record, Mr. Wells, any -- any continued objection to this protective order?

MR. WELLS: No, Your Honor.

THE COURT: All right; all right. Then I will grant the order and I'll -- I'll have this signed protective order docketed probably by end of day today.

MR. WELLS: Okay. And I'll tell Mr. Grant what I've told him repeatedly, which is when the jail starts letting people come in, I'll be down there as soon as I can.

THE COURT: All right. Anything else we can do today, from the Government?

MR. REARDON: No, Your Honor. Thank you.

THE COURT: From the defense?

MR. WELLS: No, Your Honor.

THE COURT: Mr. Grant, any questions, comments, or concerns?

THE DEFENDANT: No, other than basically I can't see my discovery now until my lawyer brings it down to see -- for me to see it.

THE COURT: Your lawyer, or another member of the defense team, so a paralegal or somebody that works for him, that's right. Unfortunately, that's -- just given the pandemic, that's what everybody's grappling with right now.

THE DEFENDANT: Yeah, but they -- I'm saying they gave it to me before, and now they putting in a protective order a year and some change later. I don't -- it -- I'm just trying to go to trial. This seems like every time, it's something for -- that stalls me from going to trial or -- or pops up. I already know everybody that is in my -- in my case or what's going on my case. I just -- I don't understand this, man.

THE COURT: I appreciate your frustration, sir. If there's -- if you want to talk to your lawyer about speedy trial motions or bail motions or anything like that, then that's the route to go down. Okay?

THE DEFENDANT: All right.

THE COURT: Thank you all very much. We're in recess.

DEPUTY CLERK: This matter is adjourned. This court now stands in recess until 12:30.

(Proceedings concluded at 11:46 a.m.)

CERTIFICATE

I, R. Joy Stancel, Federal Official Realtime Court Reporter in and for the United States District Court for the District of Alaska, do hereby certify that the foregoing transcript is a true and accurate transcript from the digital record in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 28th day of March, 2021.

/s/ R. Joy Stancel
_______________________________
R. JOY STANCEL, RMR-CRR
FEDERAL OFFICIAL COURT REPORTER