IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) No. 3:19-cr-00003-RRB-MMS |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| TRISTAN JAMAL GRANT, | ) |
| Defendant. | ) |

**ORDER GRANTING
MOTION FOR TEMPORARY RESTRAINING ORDER**

Before the Court is the United States' motion for a temporary restraining order restricting the Defendant from contacting victims and witnesses in this case and its motion for a hearing to determine the necessity of a long-term no-contact order.

The Court finds it has authority to issue this order. First, under 28 U.S.C. § 1651, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Further, the victims have a right "to be reasonably protected from the accused," under 18 U.S.C. § 3771(a)(1). In 18 U.S.C. § 3771(b)(1), Congress established that "[i]n any court proceeding involving an offense against a crime victim, the court *shall ensure* that the crime victim is afforded the rights described in subsection (a)."

Second, the Court has authority under 18 U.S.C. § 1514(a)(1) to issue a temporary restraining order to prevent the harassment of a victim or witness in a Federal case:

> A United States district court, upon application of the attorney for the Government, shall issue a temporary restraining order prohibiting harassment of a victim or witness in a Federal criminal case if the court finds, from specific facts shown by affidavit or by verified complaint, that there are reasonable grounds to believe that harassment of an identified victim or witness in a Federal criminal case exists or that such order is necessary to prevent and restrain an offense under section 1512 of this title, other than an offense consisting of misleading conduct, or under section 1513 of this title.

18 U.S.C. § 1514(a)(1).

Based on the information known to this Court because of the trial proceedings, submitted affidavit, and pleadings of counsel, the Court finds reasonable grounds to believe that harassment of minor victim J.S. exists and has been perpetrated by the Defendant. The Court also finds that this order is necessary to protect the victim from further harassment by the Defendant.

Accordingly, it is **ORDERED** that the Defendant shall not contact minor victim J.S. or her immediate family members. "Contact" means direct or indirect contact, including contact in-person or any form of communication, including third-party contact, mail, phone, email, or social media.

A violation of this order shall be punishable by prosecution under l8 U.S.C. § 401(3): Contempt; and/or 18 U.S.C. § 1513: Retaliation Against a Witness, Victim, or Informant; or under state or local law.

//

//

//

//

US v. Grant
3:19-cr-00003-RRB-MMS

It is further **ORDERED** that a hearing is set for <u>**June 24, 2021 at 2:00 P.M**</u>. in <u>Anchorage Courtroom 3</u> before the Honorable U.S. Magistrate Judge Matthew M. Scoble, to determine the necessity of a long-term protective order.

It is further **ORDERED** that the U.S. Marshals promptly file certification that this Order was served on the Defendant personally.

DATED this 23rd day of June 2021, at Anchorage, Alaska.



*s/ Matthew M. Scoble*
Hon. Matthew M. Scoble
U.S. Magistrate Judge
United States District Court
District of Alaska

*US v. Grant*
3:19-cr-00003-RRB-MMS