```
 1                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF ALASKA
 2

 3  UNITED STATES OF AMERICA,  )
                              )
 4          Plaintiff,         )
                              )
 5      vs.                    )
                              )  CASE NO. 3:19-cr-00003-RRB-MMS
 6  TRISTAN GRANT,             )
                              )
 7          Defendant.         )
    _____   )
 8
```

**9   PARTIAL TRANSCRIPT OF STATUS CONFERENCE AND CONTINUED HEARING**
                              ON MOTION
10                        (Public Proceedings)
    **BEFORE THE HONORABLE MATTHEW M. SCOBLE, U.S. MAGISTRATE JUDGE**
11                    Thursday - August 26, 2021
                      1:09 p.m. - 1:19 p.m.
12                     Anchorage, Alaska

13  **FOR THE GOVERNMENT:**
        Office of the United States Attorney
14      BY:  KAYLA HAYES DOYLE
        BY:  JENNIFER LOWE IVERS
15      222 West 7th Avenue, RM 253, #9
        Anchorage, Alaska 99513
16      907-250-7710

17

18  **FOR THE DEFENDANT:**
        Law Offices of James Alan Wendt
19      BY:  JAMES A. WENDT
        425 G Street, Suite 610
20      Anchorage, Alaska 99501
        907-258-9100

21  Clerk in Attendance: Camille White

22  _____

23                        **STACY M. BALDWIN**
                      **Realtime Certified Reporter**
24                  **Federal Official Court Reporter**
                    222 West 7th Avenue, #4
25                     Anchorage, Alaska 99513
            Transcript Produced from the Digital Recording

1      (Call to Order of the Court at 1:09 p.m.)

2      DEPUTY CLERK:  All rise.  His Honor, the Court, the

3 United States District Court for the District of Alaska is now

4 in session, the Honorable Matthew M. Scoble presiding.

5      Please be seated.  Your Honor, we are on record in

6 *United States of America versus Tristan Grant*, Case No.

7 3:19-cr-00003-RRB-MMS.

8      Counsel, please identify yourselves for the record.

9      MS. IVERS:  Jennifer Ivers for the United States.

10      MS. DOYLE:  Kayla Doyle for the United States.

11      MR. WENDT:  James Wendt for Mr. Grant.

12      THE COURT:  All right.  Good afternoon, Ms. Ivers.

13 Good afternoon Ms. Doyle.  Good afternoon to you, Mr. Wendt.

14 And Mr. Grant, good afternoon.  Mr. Grant is present before the

15 Court.  He's in custody.

16      All right.  We're on today for a continued evidentiary

17 hearing in the motion for a long-term no-contact order.

18      Are the parties ready to proceed, Ms. Ivers?

19      MS. IVERS:  The government has already presented its

20 witnesses, Judge, so yes, we are ready to proceed.

21      THE COURT:  All right.  Mr. Wendt.

22      MR. WENDT:  Unfortunately we are not ready to proceed,

23 Your Honor.

24      THE COURT:  Okay.  What's going on?

25      MR. WENDT:  Our witness is not here and all -- it

1  turns out all the numbers I had for her -- I had four different

2  phone numbers for her -- none of them work anymore.

3  Mr. Williams, the attorney for Ms. Silook, is present in the

4  courtroom and he's been trying the numbers.  In fact, I've been

5  getting him the numbers to try.  None of them are in a working

6  order.

7          THE COURT:  Okay.

8          MR. WENDT:  I did not have her under subpoena for this

9  hearing.  I had her under subpoena for the first hearing and

10  then the Court suggested I get her under subpoena for the

11  second hearing, which was put off because of COVID exposure by

12  me.

13          THE COURT:  Sure.

14          MR. WENDT:  And then I did not get her under subpoena

15  for this hearing.  So I'm going to ask the Court to indulge me,

16  if it will, and put this on a couple weeks down the road.  I

17  will get her under subpoena.

18          THE COURT:  All right.  Thank you, sir.  So she's not

19  under subpoena for today's hearing.  So the Court has no

20  authority to issue a show cause order or anything of the sort.

21  What I would be inclined to do, Mr. Wendt, is -- I don't want

22  to set this for an evidentiary hearing if you're not going to

23  be able to get ahold of her.  So what I would be inclined to do

24  is just not set it for a further hearing.  In the event that

25  you're able to contact her, the Court can issue a subpoena or

1     you can issue a subpoena and the Court will sign it.

2            MR. WENDT:  Can I leave the date blank?  Don't I need

3     a date -- firm date for a hearing?

4            THE COURT:  Well, I would imagine that you would be

5     able to make contact with her and then you can notify the Court

6     that you need a hearing.  Yeah.  I was trying to simplify

7     things but I think I was actually making things more

8     complicated.  We can go ahead and pick a date.  That's fine.

9     You want something two weeks out?

10           MR. WENDT:  I do, Your Honor.  I don't think she's

11    moved though.  I frankly don't know.  But her phone numbers are

12    not working.

13           THE COURT:  All right.  Let's see, Camille, can you

14    call and check in with the clerk's office and see what they can

15    give us in about two weeks?

16           As counsel may be aware, calendaring is going back

17    through the clerk's office again.  So let's see if we can

18    contact them and maybe get us a firm date.  Otherwise we may

19    have to issue something after today's hearing.

20           MR. WENDT:  Okay.

21           THE COURT:  And let me check in with the government.

22    Ms. Ivers, Ms. Doyle, any objection to going out about two

23    weeks?

24           MS. IVERS:  Scheduling-wise, no.  I do -- the

25    government does object to another continuance of this case.

1  Counsel -- this hearing was set out -- set several weeks ago.
2  There was time to get a subpoena and get the victim's mother in
3  here.  I'm reluctant to -- you know, we filed this motion two
4  months ago.  The standard is preponderance of the evidence.
5  There's no reason we needed like six hearings to resolve this
6  issue.  I mean -- so because of that, we oppose.  I understand
7  if Your Honor grants the continuance in any case, but I wanted
8  to make that clear.
9        THE COURT:  All right.  I appreciate your comments.
10 The way we got here today is we were set for a couple of weeks
11 ago, I don't recall the exact date, and as Mr. Wendt indicated
12 he did have a COVID exposure.  And in the interest of keeping
13 everybody safe it seemed in an abundance of caution the prudent
14 thing to put the hearing off until today's date.  I understand
15 that in the interim this witness with whom Mr. Wendt had been
16 in contact is no longer reachable.  You know, unfortunately the
17 global pandemic often presents us with these sorts of dynamic
18 situations.  So I appreciate the government's concerns about
19 the delay and I'm sympathetic to them, but I do want to make
20 sure that Mr. Grant is able to present all the evidence that he
21 wants to present with regard to this motion.  So I am inclined
22 to go ahead and grant the continuance.  In case there was any
23 doubt, I will say that I will -- I will continue the temporary
24 no-contact order as I have previously to whatever our future
25 date is.

1          MS. IVERS:  And while Madam Clerk is trying to figure

2     out that date, we did file copies of the jail calls.  I

3     understand the first copy we filed was not readable by

4     chambers.  Hopefully, the second one was.  Those weren't

5     included in the government's case in chief at the last hearing.

6     I didn't get a definitive yes or no from Mr. Wendt whether he

7     opposed Your Honor listening to those, but it seems like,

8     because we have the time, those would be pertinent for Your

9     Honor to listen to before the next hearing.

10          THE COURT:  Sure.  And those were filed at Docket 276.

11    The Court did receive them.  And Ms. Ivers, you're correct

12    there was -- the first CD we got was encrypted, so we couldn't

13    listen to it.  The second one, I tested it out, it does play.

14          And one thing I wanted to ask about, I'm glad you

15    brought it up, the calls are numbered 1 through 10, but there

16    was no call number 5.  I don't know if that was deliberate or

17    not?

18          MS. IVERS:  Yes.  They're numbered consistent with the

19    FBI report.

20          THE COURT:  I see.

21          MS. IVERS:  And so the FBI agent listened to more like

22    15 calls.  Some of them were not relevant to this issue and so

23    I just included the ones that were relevant.  So number 5, and

24    then I think numbers 11 through 15 were not relevant to this

25    proceeding.  And so that's why they're numbered that way.

1   Yeah.  So there were 18 calls, and I just included 1 through 4

2   and 6 through 10, because those were the ones that were

3   relevant to this proceeding.

4          THE COURT:  Okay.  That makes perfect sense.  I just

5   wanted to make sure that five wasn't inadvertently omitted.

6          MS. IVERS:  No, that was on purpose.

7          THE COURT:  All right.  Very good.  Give me just one

8   second and we can talk about dates.  So I can offer you

9   continued evidentiary hearing September 8th at 1:00 p.m. or

10  September 10th at 9:00 a.m.  It's however (indiscernible) those

11  dates work for the government?

12         MS. IVERS:  Those are both fine for the government,

13  Your Honor.

14         MR. WENDT:  Both are fine for the defense as well.

15         THE COURT:  All right.  Well, let's go ahead and do --

16  let's do the 8th at 1:00 p.m.

17         So I will order that the temporary restraining order

18  will be continued until September 8th at 1:00 p.m.  I'll issue

19  a written order on that as well.

20         MS. IVERS:  Thank you, Judge.

21         THE COURT:  Yes, ma'am.  All right.  We covered the

22  CD.  We continued today's hearing.  Is there anything else we

23  can do today for the government?

24         MS. IVERS:  Just to be clear, so is there any

25  opposition from defense of the judge actually listening to the

1 │ jail calls?

2 │         MR. WENDT:  No, he can (indiscernible.)

3 │         MS. IVERS:  Before the next hearing.

4 │         THE COURT:  All right.  Anything else from the

5 │ defense, Mr. Wendt?

6 │         MR. WENDT:  Not at this time.

7 │         THE COURT:  All right.  Mr. Wendt, your client has

8 │ something he wants to tell me.

9 │         THE DEFENDANT:  Yeah.  I know you just this -- I

10 │ don't -- I got a whole different issue other than this.  It's

11 │ not really my attorney, but can I get a status of counsel

12 │ hearing that day too?

13 │         THE COURT:  So --

14 │         THE DEFENDANT:  Assuming it won't take that long, I

15 │ just got some issues.

16 │         THE COURT:  Well, if you -- if you're making a motion

17 │ to have the Court appoint you a different attorney, what I

18 │ would be inclined to do is just take that up now, so we don't

19 │ have to address the issue when we get to the 8th.

20 │         THE DEFENDANT:  We can do it right now.  Because it's

21 │ not -- yeah, if we could do that right now.

22 │         THE COURT:  All right then.  Ms. Ivers, Ms. Doyle,

23 │ thank you very much.  You can go ahead and step out.  I don't

24 │ imagine we'll need you back here later this -- when we conclude

25 │ with Mr. Grant, but just please be available if necessary.

1          MS. IVERS:  Madam Clerk can email me if necessary.

2          THE COURT:  Perfect.  Thank you both very much.

3          MR. WENDT:  Shall I remain for the time being?

4          THE COURT:  For the time being, yes, sir, please do.

5     We can go ahead and go into a sealed hearing.

6          (Whereupon, the Court adjourned at 1:19 p.m.)

7                        --o0o--

8                        CERTIFICATE

9     I, Stacy M. Baldwin, Federal Official Court Reporter in and
      for the United States District Court of the District of Alaska,
10    do hereby certify that the foregoing transcript is a true and
      accurate transcript from the digital recording in the
11    above-entitled matter and that the transcript page format is in
      conformance with the regulations of the Judicial Conference of
12    the United States.

13         Dated January 31, 2023.

14

15                        /s/ Stacy M. Baldwin
                          STACY M. BALDWIN, RCR, RMR
16                        FEDERAL OFFICIAL COURT REPORTER

17

18

19

20

21

22

23

24

25