```
              UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF ALASKA


UNITED STATES OF AMERICA,  )
                           )
         Plaintiff,        )
                           )
    vs.                    )
                           ) CASE NO. 3:19-cr-00003-RRB-MMS
TRISTAN GRANT,             )
                           )
         Defendant.        )
_____)
```

TRANSCRIPT OF REMOTE PROCEEDINGS VIA TELECONFERENCE
STATUS CONFERENCE
**BEFORE THE HONORABLE RALPH R. BEISTLINE, DISTRICT JUDGE**
Friday - November 5, 2021
3:02 p.m. - 3:27 p.m.
Anchorage, Alaska

**FOR THE GOVERNMENT:**
    Office of the United States Attorney
    BY:  JENNIFER LOWE IVERS
    222 West 7th Avenue, RM 253, #9
    Anchorage, Alaska 99513
    907-271-1555

**FOR THE DEFENDANT:**
    Law Offices of James Alan Wendt
    BY:  JAMES A. WENDT
    425 G Street, Suite 610
    Anchorage, Alaska 99501
    907-258-9100

Clerk in Attendance:  Lisa M. Hawk

---

**STACY M. BALDWIN**
**Realtime Certified Reporter**
**Federal Official Court Reporter**
222 West 7th Avenue, #4
Anchorage, Alaska 99513
Transcript Produced from the Digital Recording

| | |
|---|---|
| 1 | (Call to Order of the Court at 3:02 p.m.) |
| 2 | DEPUTY CLERK: His Honor, the Court, the United States |
| 3 | District Court for the District of Alaska is now in session, |
| 4 | the Honorable Ralph R. Beistline presiding. |
| 5 | Your Honor, we're on record in Case No. |
| 6 | 3:19-cr-00003-RRB, *U.S.A. versus Tristan Grant*. |
| 7 | Present for the government is Ms. Ivers. Present for |
| 8 | the defendant is Mr. Wendt. The defendant is present, and also |
| 9 | Dawn Schumacher, victim witness coordinator. |
| 10 | THE COURT: Okay. Thank you. We got a sentencing in |
| 11 | this matter set for the 17th. I want to make sure everything |
| 12 | is on course for that and everybody has everything they need. |
| 13 | So why don't the parties give me a status report in that |
| 14 | regard? |
| 15 | MR. WENDT: This is James Wendt, Your Honor, attorney |
| 16 | for Mr. Grant. |
| 17 | THE COURT: Yes, sir. |
| 18 | MR. WENDT: Well, we aren't prepared for sentencing. |
| 19 | I think I mentioned to the Court that I was going to file a |
| 20 | motion. I still intend to file a motion to ask that sentencing |
| 21 | be put off until January. There's a lot of work to do. First |
| 22 | and foremost, I have met with my client and gone over the |
| 23 | pre-sentence report in detail. And I still have to get the |
| 24 | objections to the pre-sentence report and ask that it be |
| 25 | included at least into the final pre-sentence report. |

1       (Call to Order of the Court at 3:02 p.m.)
2       DEPUTY CLERK: His Honor, the Court, the United States
3  District Court for the District of Alaska is now in session,
4  the Honorable Ralph R. Beistline presiding.
5       Your Honor, we're on record in Case No.
6  3:19-cr-00003-RRB, *U.S.A. versus Tristan Grant*.
7       Present for the government is Ms. Ivers. Present for
8  the defendant is Mr. Wendt. The defendant is present, and also
9  Dawn Schumacher, victim witness coordinator.
10      THE COURT: Okay. Thank you. We got a sentencing in
11 this matter set for the 17th. I want to make sure everything
12 is on course for that and everybody has everything they need.
13 So why don't the parties give me a status report in that
14 regard?
15      MR. WENDT: This is James Wendt, Your Honor, attorney
16 for Mr. Grant.
17      THE COURT: Yes, sir.
18      MR. WENDT: Well, we aren't prepared for sentencing.
19 I think I mentioned to the Court that I was going to file a
20 motion. I still intend to file a motion to ask that sentencing
21 be put off until January. There's a lot of work to do. First
22 and foremost, I have met with my client and gone over the
23 pre-sentence report in detail. And I still have to get the
24 objections to the pre-sentence report and ask that it be
25 included at least into the final pre-sentence report.

1                We're simply just not ready.  We're still going on
2    with this hearing we have in front of the magistrate.  That's
3    going on and on.  And we did file a joint status report that we
4    filed just a couple days ago that indicated that we might be
5    able to negotiate that and settle it.  But speaking to my
6    client and providing the proposed -- proposal to negotiate the
7    issue on the hearing, it's simply not going to work out.  So on
8    that issue itself, we're going to be asking for another
9    continued hearing to try to finish this thing off.
10               And at minimum I would like this sentencing to be put
11   off until we get this issue completed in front of the
12   magistrate regarding the orders against my client from
13   contacting anyone and things of that nature.  So basically
14   that's where we are, Your Honor.  I will be filing a motion to
15   continue until January at least.
16               THE COURT:  Ms. Ivers?
17               MS. IVERS:  As we said in the last hearing on this
18   issue, Your Honor, we're -- the government's ready to proceed
19   to sentencing and we oppose further continuances.  I don't
20   think we necessarily have to resolve the protective order
21   before we go on to sentencing.  And regardless, it's been quite
22   a long time since the trial in this case and we need to get
23   this sentencing done.  And so we oppose a continuance.
24               THE COURT:  Any reply?
25               MR. WENDT:  Well, Your Honor, certainly my client has

a right to object to the pre-sentence report. And I did just meet with him -- well, I met with him three or four weeks ago and we had a long discussion about it. And I have a lot of notes that I need to put together and submit that. I don't think we're asking for too much.

The pre-sentence report is asking for 30 years, Your Honor, and this is a very serious case. Had this been a case where my client is looking at, you know, five or six or seven years, it would be a good argument, but this is a case where he could theoretically get as much as life in prison. So we want to do the best we can.

THE DEFENDANT: Can I say something? They are not asking for 30 years, my pre-sentence report says they are recommending life.

THE COURT: Okay. Well, whatever.

THE DEFENDANT: It's not whatever. And I'm asking for exculpatory evidence for my sentencing that I haven't gotten here, too. That's another issue. So I don't see how I'm being forced to go to sentencing when I haven't gotten everything I'm asking for.

THE COURT: Okay. I have your pre-sentence report in front of me. It says that the guideline provisions are for life. The probation officer recommended 30 years. I looked at the government's recommendation. If I remember correctly, I think in September I got a sentencing memoranda from the

1  government I think that recommended 50 years.  So that's what I
2  have now.  That was in September that the government submitted
3  its -- now we're in November.
4        THE DEFENDANT:  I don't have that.  I have a
5  pre-sentence report from June that says recommendation life.
6        THE COURT:  Okay.  Maybe I'm looking at the wrong one.
7  This is final pre-sentence report August 25th.  Final
8  pre-sentence report.  Anyhow, you got to get on the same wave
9  length.  Make sure he has the right final pre-sentence report.
10 Make sure he has a copy of the government's sentencing
11 recommendation.
12       This report is -- let's see how long it is.  I don't
13 know -- I'm just pulling it up on my computer as we speak --
14 41 pages.
15       THE DEFENDANT:  Yeah.
16       THE COURT:  Okay.  It's 41 pages.  You've had plenty
17 of time to read it.  Your attorney has had plenty of time to
18 read it.  And if there's anything in it that's wrong, that's
19 when you can file your objections, and you need to get on
20 top -- my concern is, this trial was a long, long time ago,
21 last summer.  We're heading into winter.  And justice requires
22 that we keep on top of this from everyone's perspective --
23       THE DEFENDANT:  I understand that.  This is the thing
24 that I was asking for.  It's my understanding, as for the laws
25 and the rules of the federal court is, that -- if there's

exculpatory evidence for sentencing or guilt or punishment that I'm allowed to have that for my sentencing, just like for my trial. And there is stuff that I need from my trial that I'm asking for, that I haven't even gotten for my trial, but I'm asking for it for my sentencing and I still haven't got it. And there's an issue still dealing with this protective order and my discovery.

And I've been asking -- this is me -- this is me, Your Honor, I don't know about everybody else, but I've been asking for all of this before trial, after trial, during trial, as you know, and still asking for it now. And I'm just saying, it's a violation of my due process. It already has been a violation, but it's going to continue to be a violation if I go to sentencing without getting the exculpatory evidence that I'm asking for. This point --

THE COURT: I'm getting concerned that you just want to never do this, because you always want to put things off.

THE DEFENDANT: Never do it. It's not -- if I'm asking for something that I'm allowed to have and I'm not getting it from the government or from my attorney, then -- or my attorney is not getting it from the government, it's not me who's not never doing it, it's y'all. Why can't I have my discovery?

THE COURT: All right. Ms. Ivers, what's your response?

```
 1                THE DEFENDANT:  It makes no sense.
 2                THE COURT:  Is there something he's entitled to have
 3     that he hasn't received?
 4                THE DEFENDANT:  Yeah, a lot of stuff.
 5                MS. IVERS:  Not that I'm aware of --
 6                THE DEFENDANT:  Yes, you do, (indiscernible.)
 7                THE COURT:  I'm not talking to you, sir.  I'm talking
 8     to government counsel.  What is --
 9                THE DEFENDANT:  (Indiscernible.)
10                THE COURT:  You listen, you're going to have to be
11     quiet and let her speak.
12                THE DEFENDANT:  You aren't really letting me speak.
13     You're all railroading the shit out of me.
14                THE COURT:  Ms. Ivers?
15                MS. IVERS:  Your Honor, I don't know what Mr. Grant is
16     referring to, and we have met our discovery obligations in this
17     case.  And --
18                THE DEFENDANT:  No, you haven't.  If you speak to the
19     magistrate judge, the magistrate judge will let you know that
20     they have not -- she's been in court plenty of times since June
21     where she put this bullshit-ass restraining order on me.  And
22     I've been asking, and before this, but she knows what I'm
23     asking for and they have not given me -- they have -- it
24     doesn't even matter.
25                If I don't get it, like I said, I'll be back anyway,
```

1 peer-wise or whatever.  But I'm sitting in court right now, on
2 the record, letting you know as my judge that I'm not getting
3 exculpatory evidence that I'm asking for.
4             THE COURT:  When you say exculpatory evidence, I don't
5 even know what you're talking about.  You mean evidence that --
6             THE DEFENDANT:  Evidence that shows of my innocence or
7 dealing with either guilt or punishment.  *Brady* violations, for
8 all of that.  There's stuff they haven't given me that I'm
9 asking for that I'm allowed to get and it's for sentencing
10 purposes or trial purposes.
11             THE COURT:  Well, the trial is over.  So now we're
12 sentencing --
13             THE DEFENDANT:  So now it's for sentencing purposes.
14             THE COURT:  Mr. Wendt.
15             MR. WENDT:  Yes, Your Honor.
16             THE COURT:  What has the government not given you that
17 you're entitled to?
18             MR. WENDT:  It appears that we have not gotten --
19 we've got a number of phone calls that my client has made from
20 jail.
21             THE COURT:  Okay.
22             MR. WENDT:  And those phone calls, a number of them
23 were used against my client at trial.
24             THE COURT:  Okay.
25             MR. WENDT:  It turns out, apparently, that there are

phone calls that -- we haven't gotten every single phone call that he's ever made. And my client is of the position that there are phone calls that specifically would help him, probably at trial and at sentencing, regarding his culpability in the case that were not provided.

And, you know, I am partly at fault. I told my client I would file a motion. Magistrate Scoble said he would sign an order if I filed a motion, I haven't filed the motion yet, to get phone calls. Now I have discussed this with a number of people, including with the jail and including with the attorney for the Department of Corrections for the State of Alaska. And I have been informed that if I get a motion filed and it's signed by Judge Scoble or you or whoever that I will be able to get those phone calls.

THE COURT: Well, why haven't you filed the motion?

MR. WENDT: Well, Judge, I have gotten a number of phone calls. I will file the motion, but we did get -- in addition to that, I did get a number of phone calls from my client's attorney in his state case. My client's attorney in his state case has received a number of phone calls that include phone calls that were not given to me. There's an enormous number of phone calls there. And they're not really -- they're not even -- they're not even listed by date. They're just one call after another. And by listening to them, I cannot tell who he's talking to or not talking to.

                What I need to do is get the phone calls to my client and have him listen to those phone calls and then decide what other phone calls we need, and that's where we are.

                THE COURT: Well, it sounds like you've got to file a motion with the magistrate. He's got to make a determination as to whether or not they're appropriate. And as far as I'm concerned, the trial is over with, we're trying to get ready for sentencing. (Indiscernible.)

                THE DEFENDANT: Sentencing --

                THE COURT: So I want to get this done. I don't want to prejudice anyone, but I don't want to keep putting this off forever. We got -- the pre-sentence report is done. It's been reviewed. It's time to file any objections that you might have. You don't need the phone calls to do that. You just need to see what's actionable in it and let the --

                THE DEFENDANT: It's not just the phone calls neither. It's not just only phone calls. It's other -- it's other discovery that they have not given me. And I haven't -- I have a protective order on me and I haven't seen my discovery. I've been telling you this since trial.

                THE COURT: Okay. Here's the deal, you can still get your objections to the pre-sentence report, get that in, so we can resolve that. With regard to discovery issues, you can deal with the magistrate on that. If he feels that there's more discovery that needs to be done, he can address that.

1  He's the one that's been doing these hearings, not me.  I think
2  we should be getting pretty doggone ready to get to sentencing.
3          We got the sentencing -- you know what the government
4  thinks.  They've filed a 41-page memorandum, setting forth
5  exactly what they think and why they believe that.  You got
6  what the probation office thinks.  That memorandum has been
7  filed as well.  It's been a long time ago.  It's time to
8  respond to those documents.
9          And if defense counsel really wants to file a motion,
10 you have to file the motion.  We can't continually say, I'm
11 going to file a motion, or maybe I'll file a motion, or we're
12 thinking about filing a motion.  We need to get it done one way
13 or other.  And so I need to get the sentencing done.  I'm
14 willing to give you a few more weeks, but not if it's just to
15 sit here and do more delay and then get back here a few weeks
16 from now and be going over the same things again.
17          The trial is over.  There was lots of exhibits, lots
18 of testimony, lots of witnesses testified, were subject to
19 cross examination.  That's done --
20          THE DEFENDANT:  Yeah, but it wasn't done in fairness.
21 I didn't get to call no witnesses.  I didn't even get to look
22 at my discovery.  I didn't get to discuss nothing with my
23 attorney and I got railroaded.  So I'm not about to get
24 railroaded for sentencing either.  I need the things that I
25 need for my sentencing to put on the record and to show that I

1  didn't do what I was -- what they painted this picture.  They
2  didn't even give me a fair trial.  I asked you for a
3  continuance at trial, because I didn't get to see none of this
4  stuff.
5        It's a lot of stuff, Your Honor, that you don't even
6  know about, that you -- if you would have seen it or showed it,
7  if I would have been able to present it, I wouldn't have got
8  this same -- you wouldn't be able to say that this happened the
9  way it happened.  So I'm asking for my due process.  All I'm
10 asking is for my due process.  I've been asking for this for
11 the last three years, three years.
12        THE COURT:  The beauty of it is that you can appeal,
13 but you can't appeal --
14        THE DEFENDANT:  I understand that.  I understand, but
15 I have to -- in order to have appeal points, I have to be able
16 to put things on the record.  I have to be able to present it.
17 I still would have to have my due process of getting everything
18 in each stage of my -- of my defense and my sentencing is the
19 most critical -- is one of the most critical parts.  So I'm not
20 trying to go to sentencing without being able to present my
21 argument the way I want to present it.  And looking at this
22 pre-sentence report, I'm not -- no, I'm not about to just --
23 I'm not about to do like I did at my trial.  No, I'm not.  I
24 refuse.
25        And if I get forced to go through it, I just wanted it

1  to get put on the record that I -- that I objected to all this
2  and I'm asking for certain things.
3         THE COURT: Okay. You've been very clear about that.
4         Mr. Wendt.
5         MR. WENDT: Yes, Judge. If I may, I will get all
6  objections in and all motions filed by the end of next week --
7  by the end of this coming week, I should say.
8         THE COURT: Okay.
9         MR. WENDT: That will happen.
10        THE COURT: Okay. Good. So then maybe then -- do you
11 want to have a -- by the end of this coming week, so next week.
12 So let's see, today is -- so you're telling me, I've got my
13 calendar right here. By the 12th of November, you'll have all
14 those things filed; is that right?
15        MR. WENDT: I will have them all filed. I don't
16 know -- they won't be decided however.
17        THE COURT: No.
18        MR. WENDT: But I will have everything filed by the
19 12th.
20        THE COURT: And are these motions, are they being
21 presented for the magistrate, is that what you're talking
22 about?
23        MR. WENDT: Yes. And these are not going to be
24 long-winded motions.
25        THE COURT: Okay. What about the objections to the

```
 1  pre-sentence report?
 2          MR. WENDT:  They'll be filed next week.  I will work
 3  them up and I will send them to the probation officer who will
 4  hopefully just -- he'll probably end up just appending them to
 5  the pre-sentence report.
 6          THE COURT:  Okay.
 7          MR. WENDT:  But I will get them to the probation
 8  officer next week.
 9          THE COURT:  Then we will at least be moving toward a
10  time we can do something.  So what you're telling me is even if
11  you do all that, a sentencing on the 17th is premature, is that
12  what you're saying?
13          MR. WENDT:  Yes.
14          THE COURT:  Okay.  So let's see what else we can do.
15          What if I move it a month to something like the 17th
16  of December?
17          MR. WENDT:  That would be fine.  But between now and
18  the 17th -- or between the 12th of November and the 17th of
19  December, if we could have a status hearing might be --
20          THE COURT:  Absolutely.  Absolutely.
21          MR. WENDT:  Yeah.
22          THE COURT:  Ms. Ivers, I haven't heard from you for a
23  few minutes.
24          MS. IVERS:  I mean, subject to our objection of
25  course.
```

1                THE COURT:  Yeah.

2                MS. IVERS:  For scheduling purposes -- let's see, the
3    17th I have another sentencing --

4                THE COURT:  I didn't mean the 17th.  Actually, it will
5    have to be maybe the 15th, because -- let me see here.  I've
6    got a pretty busy week that week.  The 17th -- I'm just --
7    we've got to see what happens to these motions and what happens
8    with these underlying things.

9                I'm almost inclined to have a status hearing in two
10   weeks after I see what's really filed and then see how
11   realistic a sentencing date would be.

12               MR. WENDT:  I would not object to that, Your Honor.

13               THE COURT:  I just want to see things moving, not just
14   waiting.

15               THE DEFENDANT:  I understand that too, Your Honor.  Me
16   too.  I want to get everything over and done with because the
17   quicker I get it done with, the quicker I can file whatever
18   else I want to file post-trial as far as appeals and motions
19   and everything else.  But I'm not going to do it without having
20   the things that I need.  So I understand -- I understand what
21   you're saying.  And I'm just telling you from my perspective
22   it's not me.  It's not me that's been hindering and all of this
23   other stuff.  I'm ready.  I'm not the one coming with all these
24   extra court dates and putting all of this restraining order --
25   unnecessary stuff in front of you.  This is not my doing.

```
 1                THE COURT:  Okay.  Here's what we're going to do.
 2    Here's what we're going to do.  We're going to vacate the
 3    current sentencing date, which is now set for 1:30 on the 17th
 4    of November and we're going to use that time as a status
 5    hearing.  So this is going to be Tristan Grant, a status
 6    hearing for 1:30 in the afternoon, Wednesday, November 17th.
 7    That's presuming the jail will -- I don't know if the jail will
 8    let us use that time or not.  But we'll try to do it as close
 9    to that time as permissible with the jail.  How does that
10    sound?
11                MR. WENDT:  That's fine with me, Your Honor.
12                THE COURT:  I don't know if any of my clerks are
13    listening can tell me if the jail can even do it at 1:30 on the
14    17th?
15                DEPUTY CLERK:  Let's see.
16                THE COURT:  I was going to do sentencing that day and
17    it was going to be in person, so this doesn't have to be in
18    person.
19                DEPUTY CLERK:  They do Tuesdays and Thursdays from
20    11:00 to 12:30 and Friday 11:30 to 4:30.
21                THE COURT:  I can't do it the 17th unless we do it in
22    person, but I don't know if we want to do that.  Then he'd have
23    to come over and...
24                THE DEFENDANT:  Well, could I say one more thing,
25    Beistline?
```

```
 1              THE COURT:  Yeah.
 2              THE DEFENDANT:  I'm thinking my lawyer's also saying
 3    that once he put these motions in and I get the material that
 4    I'm getting, the reason why he's asking for January is because
 5    I still have -- I still need time to go through the material to
 6    look at the phone calls and the -- my phone records and the
 7    stuff that my state attorney sent me.
 8              THE COURT:  Okay.
 9              THE DEFENDANT:  That takes time.
10              THE COURT:  We'll do it November 16th.
11         Lisa, when can I do it on the 16th?
12              DEPUTY CLERK:  Between 11:00 and 12:30.
13              THE COURT:  Let's set a status telephonic hearing for
14    November 16th at 11:00.
15              DEPUTY CLERK:  Got it.
16              MS. IVERS:  Your Honor, I have another hearing at that
17    time.
18              THE COURT:  Okay.
19              MS. IVERS:  Could we do 12:30?
20              THE COURT:  Yep.
21              MS. IVERS:  Or does it have to be 12:00?
22              THE COURT:  Well, I don't know.
23         Lisa, can I do 12:30?
24              DEPUTY CLERK:  It says it's available.  I don't know
25    if there's any other hearings set at this point.
```

```
 1              THE COURT:  Well, we'll set it for 12:30.  It's going
 2   to be very short.  It's going to be make sure everybody's
 3   moving ahead to getting discovery if appropriate, getting this
 4   thing ready to go.  Because, you know, Mr. Grant is persistent.
 5   I don't know if there's stuff out there that he's entitled to
 6   or not --
 7              THE DEFENDANT:  There is.
 8              THE COURT:  I know you say that, but I want to make
 9   sure whatever's there, relevant to the sentencing in this
10   case --
11              THE DEFENDANT:  It is.  It's material.  It's all
12   material.  You know I wouldn't lie to you.  It's all material.
13              THE COURT:  Okay.  12:30 on the 16th.  We're going to
14   do a status hearing telephonic.
15              Anything else?
16              MR. WENDT:  Not from the defense, Your Honor.
17              THE COURT:  Okay.  I think we've done it, Lisa.  Thank
18   you.  We vacated --
19              MS. IVERS:  Your Honor?
20              THE COURT:  Yes, ma'am.
21              MS. IVERS:  I don't think we got Mr. Grant's consent
22   to proceed telephonically today.
23              THE COURT:  It's a scheduling conference.  I don't
24   think I need it, but I'll get it anyhow.
25              Mr. Grant, are you okay with doing this by telephone?
```

1     THE DEFENDANT:  Yes, I'm already -- yes, sir.
2     THE COURT:  And are you also agreeable that when we do
3  this again on the 16th, it will be by telephone?
4     THE DEFENDANT:  Yes, sir.
5     THE COURT:  Okay.  I think this is appropriate.  It's
6  certainly in the interest of justice.  We're just trying to get
7  things moving.  So I can make the CARES Act finding in that
8  regard.  So thank you for reminding us of that.
9     Okay.  Everyone have a great day.  We'll talk to you
10  on the 16th.
11     MR. WENDT:  Thank you, Judge.
12     DEPUTY CLERK:  This matter is now adjourned.  This
13  Court now stands adjourned subject to call.
14     (Whereupon, the Court adjourned at 3:27 p.m.)
15                              --oo0oo--
16                              CERTIFICATE
17     I, Stacy M. Baldwin, Federal Official Court Reporter in and
for the United States District Court of the District of Alaska,
18  do hereby certify that the foregoing transcript is a true and
accurate transcript from the digital recording in the
19  above-entitled matter and that the transcript page format is in
conformance with the regulations of the Judicial Conference of
20  the United States.
21     Dated February 1, 2023.
22
23                              /s/ Stacy M. Baldwin
                                STACY M. BALDWIN, RCR, RMR
24                              FEDERAL OFFICIAL COURT REPORTER
25